IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| KYLE COLBERT SIMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:11-CV-143 (MTT) |
| ) | |
| OFFICER BRANDON SMITH, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### ORDER

This matter is before the Court on the Defendants' Motion for Summary Judgment. (Doc. 27). For the following reasons, the Motion is **GRANTED**.

### I. FACTUAL BACKGROUND

This action arises out of the arrest of Plaintiff Kyle Colbert Sims on April 14, 2010. The Plaintiff attempted to pass a forged check at Famous Liquors store in Warner Robins, Georgia. The cashier notified police of the attempted forgery, and Officer Matt Moulton arrived first to the scene. Officer Moulton attempted to speak with the Plaintiff regarding the forged check. The Plaintiff immediately attempted to flee the store. At that point, Officer Moulton tried to restrain the Plaintiff, who in turn struggled and resisted. (Doc. 27-1 at ¶ 6). The Plaintiff incapacitated Officer Moulton by shoving him against a large cooler, causing him to severely injure his neck and to lose feeling in his hands. (Doc. 27-3 at ¶ 10). The Plaintiff, however, claims that he did not fight or resist arrest once Officer Moulton threw him to the ground. (Doc. 30 at 17:11-12).

Shortly before Officer Moulton's incapacitation, Defendant Officers Brandon Smith, Timothy Gray, Nicholas Taylor, Billy Styles, and Bradley Triplett and Defendant

Lieutenant Donald Edwards (collectively the "Defendant Officers") arrived on the scene and attempted to restrain the Plaintiff. The Defendants allege that the Plaintiff continued to violently resist arrest for several minutes before being placed in handcuffs and escorted from the building. (Doc. 27-1 at ¶ 8). The Plaintiff claims that he did not struggle with or resist any of the Defendant Officers. (Doc. 30 at 17:15-19). The Plaintiff further claims that the Defendant Officers used excessive force when they arrested him by punching, kicking, and elbowing him after he put his hands in the air and indicated he would cooperate. (Doc. 30 at 19:19-23). The Plaintiff alleges that at some point during the altercation the Defendant Officers picked him up and threw him several times, both in the parking lot and in the liquor store. (Doc. 30 at 27:8-10; 28:6-9). During the course of the arrest, none of the officers used weapons such as batons, pepper spray, or tasers.[1] (Doc. 30 at 18:17-20).

The Plaintiff pled guilty to felony obstruction of justice for violence against a police officer and forgery in the first degree arising out of this incident. Officer Moulton was seriously injured as a result of the Plaintiff's actions. Since the incident, Officer Moulton has undergone surgery on his elbow and has been referred to a neurologist for possible surgery on his neck. (Doc. 27-1 at ¶ 10).

The Plaintiff filed this action on April 15, 2011, alleging federal claims against Defendant City of Warner Robins for inadequate training and inadequate supervision and against the Defendant Officers for excessive force. The Plaintiff also alleged state law claims against the Defendant Officers for assault, battery, and intentional infliction of emotional distress.

---

[1] The Defendants have not explicitly stated the precise type of force used to arrest the Plaintiff, other than to state that any forced used was *de minimis*. (Doc. 27-2 at 8).

The Defendants moved for summary judgment on all claims. The Plaintiff did not file a response to the Defendants' Brief in Support of its Motion or the Defendants' Statement of Material Facts. Thus, the Court finds that the facts as set forth by the Defendants in their Statement of Material Facts Not in Dispute (Doc. 27-1) are admitted. M.D. Ga., L.R. 56. The Court has also reviewed the record and finds the facts undisputed.

## II. DISCUSSION

### A. Motion for Summary Judgment Standard

Summary judgment must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A factual dispute is genuine only if 'a reasonable jury could return a verdict for the nonmoving party.'" *Info. Sys. & Networks Corp. v. City of Atlanta*, 281 F.3d 1220, 1224 (11th Cir. 2002) (quoting *United States v. Four Parcels of Real Prop.*, 941 F.2d 1428, 1437 (11th Cir. 1991)). The burden rests with the moving party to prove that no genuine issue of material fact exists. *Id.* The party may support its assertion that a fact is undisputed by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). The district court must "view all evidence in the light most favorable to the nonmoving party, and resolve all reasonable doubts about the facts in its favor." *Info. Sys. & Networks Corp.*, 281 F.3d at 1224.

### B. Fourth Amendment Excessive Force Claim

In his Complaint, the Plaintiff alleges that the Defendant Officers used excessive force against him during the course of his arrest. The Plaintiff contends that the arresting officers picked him up and threw him several times and repeatedly punched, kicked, and elbowed him despite his verbal indication to cooperate while also placing his hands in the air. The Defendants argue that they did not use excessive force and are entitled to qualified immunity on this claim.

"Qualified immunity offers complete protection for individual public officials performing discretionary functions 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Sherrod v. Johnson*, 667 F.3d 1359, 1363 (11th Cir. 2012) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "There can be no doubt" that deputies effectuating an arrest are performing discretionary duties. *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002). "'Once discretionary authority is established, the burden then shifts to the plaintiff to show that qualified immunity should not apply.'" *Edwards v. Shanley*, 666 F.3d 1289, 1294 (11th Cir. 2012) (quoting *Lewis v. City of West Palm Beach,* 561 F.3d 1288, 1291 (11th Cir. 2009)). To meet this burden, a plaintiff must establish that "the officer's conduct amounted to a constitutional violation" and "the right violated was 'clearly established' at the time of the violation." *City of West Palm Beach*, 561 F.3d at 1291. The clearly established law must provide a defendant with "fair warning" that his or her conduct deprived the plaintiff of a constitutional right. *Hope v. Pelzer*, 536 U.S. 730, 739-41 (2002). Clearly established precedent in this Circuit only

applies to opinions of the United States Supreme Court, the Eleventh Circuit, and the highest court of the pertinent state. *McClish v. Nugent*, 483 F.3d 1231, 1237 (11th Cir. 2007). This two-step analysis may be done in whatever order is deemed most appropriate for the case. *City of West Palm Beach*, 561 F.3d at 1291 (citing *Pearson v. Callahan*, 555 U.S. 223 (2009)).

As the Defendant Officers were effectuating a valid arrest when they allegedly used excessive force against the Plaintiff, they were clearly acting within the scope of their discretionary authority. Thus, the Court will first determine whether the Defendant Officers' conduct amounted to a constitutional violation. "Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Lee*, 284 F.3d at 1197 (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). "[T]he force used by a police officer in carrying out an arrest must be reasonably proportionate to the need for that force...." *Id*. at 1198. "[A] minimal amount of force and injury … will not defeat an officer's qualified immunity in an excessive force case." *Nolin v. Isbell*, 207 F.3d 1253, 1258 (11th Cir. 2000).

> Whether an officer used excessive force turns on a number of factors, such as "the severity of the crime, whether the suspect posed an immediate threat, and whether the suspect was resisting or fleeing. Use of force must be judged on a case-by-case basis...." Because of this lack of a bright-line standard, "qualified immunity applies unless application of the standard would inevitably lead" a reasonable officer in the defendant's position to conclude that the force was unlawful.

*Gold v. City of Miami (Gold I)*, 121 F.3d 1442, 1446 (11th Cir. 1997) (quoting *Post v. City of Fort Lauderdale*, 7 F.3d 1552, 1559 (11th Cir. 1993)).

Although the Plaintiff may have initially intended to commit a non-violent crime by presenting a forged check, he immediately attempted to flee from the scene when approached by Officer Moulton. The Plaintiff vigorously resisted arrest and violently attacked Officer Moulton. The attack caused Officer Moulton both immediate incapacitation and lasting serious injury. Clearly, the Plaintiff posed a danger to the Defendant Officers. After Officer Moulton's incapacitation, the Plaintiff continued to violently struggle against the Defendant Officers attempting to arrest him. Despite the Plaintiff's resistance, the Defendant Officers never used any weapons to carry out the arrest. Furthermore, the Plaintiff was evaluated by paramedics following the arrest who did not order any medical treatment other than mild pain relievers. (Doc. 30 at 24:3-15). The Plaintiff has not shown either that any force used by the Defendant Officers was not reasonably proportionate to the need for such force under the circumstances or that he suffered anything other than minimal injury. Thus, the Plaintiff has failed to establish a constitutional violation on his excessive force claim, and the Defendant Officers are entitled to qualified immunity.

### C. Inadequate Training and Supervision Claims

In "limited circumstances," inadequate training or supervision can subject a defendant to section 1983 liability when it amounts to a city policy that causes its employees to violate the plaintiff's constitutional rights. *Gold v. City of Miami (Gold II)*, 151 F.3d 1346, 1350 (11th Cir. 1998) (internal citation omitted). The plaintiff must prove that the inadequate training or supervision constituted "deliberate indifference" to the rights of its inhabitants. *Id*. "To establish a 'deliberate or conscious choice' or such 'deliberate indifference,' a plaintiff must present some evidence that the municipality

knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action." *Id*. (internal citations omitted).  "[W]ithout notice of a need to train or supervise in a particular area, a municipality is not liable as a matter of law for any failure to train and supervise." *Id*. at 1351.  This burden is "intentionally onerous for plaintiffs" to prevent municipalities from being subject to *respondeat superior* liability.  *Id*. at 1351 n.10.

As discussed above, the Plaintiff has failed to show that his constitutional rights were violated during his arrest.  Even assuming the Plaintiff established a violation of his constitutional rights, aside from the bare allegations in the Plaintiff's Complaint that the Defendant City of Warner Robins failed to adequately train the Defendant Officers on proper arrest procedures and that the Defendant City had notice of other incidents involving physical abuse by its police officers, the Plaintiff has failed to present any specific evidence to establish deliberate indifference.  The Plaintiff has also failed to present any specific evidence that a lack of appropriate training or supervision caused the injuries he claims to have suffered at the hands of the Defendant Officers.  The Defendants have shown that each of the Defendant Officers graduated from the Police Academy prior to the date of the Plaintiff's arrest and were current on their continuing education requirements.  (Doc. 27-4 at ¶ 6 and 7).  Because the Plaintiff has failed to show a constitutional violation, his claims for inadequate training and supervision fail.  Thus, the Defendant City of Warner Robins is entitled to qualified immunity on these claims.

### D. State Law Claims

The Plaintiff has alleged claims of assault, battery, and intentional infliction of emotional distress stemming from his arrest against the Defendant Officers. State employees may only be sued for performing their discretionary functions if they acted with "actual malice or with actual intent to cause injury in the performance of their official functions." Ga. Const. Art. 1, § 2, ¶ IX(d). Georgia courts recognize that arrests by officers are discretionary functions. *Selvy v. Morrison*, 292 Ga. App. 702, 665 S.E.2d 401 (2008); *Reed v. DeKalb County*, 264 Ga. App. 83, 589 S.E.2d 584 (2003).

Here, the Plaintiff has failed to show any actual malice by the Defendant Officers to defeat official immunity. There is no evidence that any force was used against the Plaintiff other than the amount of force necessary to effectuate an arrest or that the Defendant Officers acted with intent to harm the Plaintiff. Thus, the Defendant Officers are entitled to official immunity on the Plaintiff's assault, battery, and intentional infliction of emotional distress claims.

### III.   CONCLUSION

For the foregoing reasons, the Defendants' Motion for Summary Judgment is **GRANTED.**

SO ORDERED, this the 5th day of October, 2012.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT